I must respectfully dissent from that portion of the opinion which remands the case to the circuit court for further proceedings insofar as Officer Meads is concerned. Every action taken by Officer Meads falls under the immunity provisions of the child abuse reporting statute, in my opinion.
The appellant, in brief, sets out the following as being the pertinent facts concerning Officer Meads's alleged actions in connection with the incident:
 "The police, based on the unfounded suspicions of the doctor, accused the Appellants publicly of child abuse and arrested them. The police detectives were also put on sufficient notice that further readily available medical inquiry was necessary to establish any probable cause that a crime had been committed and the circumstances surrounding the suspicions of the doctor showed no signs that the Appellants were in any way responsible for the blister. This arrest was under a City of Montgomery policy or custom called `investigative custodial custody.'[2] At police headquarters, Patricia Harris was placed in a small room and suffered *Page 1215 
great pain because of being forced to sit on her stitches in a hard-surfaced chair. She was accused time and time again of child abuse and finally after a direct threat to the well-being of her child, she made a statement which included inculpatory matters. The officers also stated that the incident would be listed as an accident, so it would not be reported to the Department of Pensions and Security. Upon leaving the interrogation room she then recanted the entire statement in the presence of others. Patricia Harris and Ann Harris followed with a complaint with the Montgomery Police Department as part of the procedure to file a claim with the City. In presenting their case to the police department, they offered medical evidence from a qualified pediatrician that the blister was the result of a disease rather than a burn. Despite this evidence or because of it the police filed a report with the Department of Pensions and Security, five months after the incident occurred, accusing Patricia Harris and Ann Harris of child abuse. This report was placed on a local, state and national register and the Appellants were given a permanent record at police headquarters. [2] The term was first used in oral argument and raised in the motion to vacate. . . ."
It is apparent to me, according to the appellants' own version of the facts, that Officer Meads's actions were taken pursuant to a case of reported child abuse. The law states that "[a]ny person, firm, corporation or official participating in the making of a report or the removal of a child . . . shall be immune from any liability, civil or criminal, that might otherwise be incurred or imposed." Code 1975, § 26-14-9.
I believe that the allegations of the complaint and the statement of the facts in Patricia Harris's affidavit were sufficient to show that the acts allegedly done by Officer Meads were done pursuant to a case of reported child abuse; therefore, the immunity provisions of the law would apply. In other words, there is no allegation that any act performed by the officer was not done as a result of the report of alleged child abuse.
TORBERT, C.J., concurs.